UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| K.L., by and through her next friend, TERRY MASON, and TERRY MASON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case number 4:05cv1950 TCM<br>) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and ILLINOIS NATIONAL INSURANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the Court[1] on the motion of plaintiffs to remand their personal injury lawsuit to state court on the grounds that (a) complete diversity is lacking and (b) complete joinder in the removal is lacking.

### Background

For purposes of the pending motion, the following allegations are undisputed.

Plaintiffs K.L., a minor, and Terry Mason are residents of Missouri. State Farm Mutual Automobile Insurance Company ("State Farm") and Illinois National Insurance Company ("Illinois National") are not. Plaintiff K.L. was seriously injured when the car in which she was a passenger overturned several times on an embankment. (Compl. ¶¶ 2-3.) The driver of the car, her father, Robert Morris, was killed in the accident. (Id. ¶ 3.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

A Missouri resident, Joseph L. Walsh, was appointed as Defendant ad Litem for Morris. (Id. ¶ 3.)

Plaintiffs allege in their lawsuit against Walsh and the two non-resident insurance companies that (1) K.L. was injured as a result of Morris' negligence; (2) Terry Mason's son, C.L., was killed as result of Morris' negligence, causing her damages; (3) K.L. was injured also as a result of the negligence of an uninsured motorist; and (4) C.L. was killed also as a result of the negligence of the uninsured motorist. They seek damages from Walsh for Morris' negligence and from State Farm and Illinois National for the uninsured motorist's negligence.

Arguing that the real party in interest when there is a defendant ad litem is the underlying insurance company and that, in Walsh's case, the insurance company is an Ohio corporation, State Farm removed the case to federal court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b). Disagreeing with State Farm's characterization of Walsh's status and contending that Illinois National did not timely consent to the removal, Plaintiffs timely move to remand their case to state court.

## Discussion

If federal jurisdiction is invoked pursuant to the removal statute, 28 U.S.C. § 1441, any doubts about the propriety of that removal are to be resolved in favor of remand. **Transit Cas. Co. v. Certain Underwriters at Lloyd's of London**, 119 F.3d 619, 625 (8th Cir. 1997); **In re Business Men's Assurance Co. of America**, 992 F.2d 181, 183 (8th Cir.1993) (per curiam). Moreover, it is "familiar law" that the right of removal is statutory

and its contours are defined by Congress.  **Great Northern Ry. Co. v. Alexander**, 246 U.S. 276 280 (1918).  One of those contours is defined by 28 U.S.C. § 1446(b), which provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

(Alteration added.)

"Where there are multiple defendants, all must join in a petition to remove within thirty days of service."  **Thorn v. Amalgamated Transit Union**, 305 F.3d 826, 833 (8th Cir. 2002).  See also **Marano Enters. of Kan. v. Z-Teca Rests., L.P.**, 254 F.3d 753, 754 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded.").  Consequently, "[e]ach defendant must join or consent within thirty days of service on that defendant."  **Amteco, Inc. v. BWAY Corp.**, 241 F.Supp.2d 1028, 1030 (E.D. Mo. 2003) (citing Marano Enters., 254 F.2d at 755-57) (alteration added).

Walsh was served with the state court petition on September 12, 2005; State Farm and Illinois National were each served on September 28.  Walsh filed an answer on September 27.  State Farm removed the case to federal court on October 21; Walsh's written consent was filed the same day.  An attorney entered his appearance on behalf of Illinois National on November 7, and filed a consent to removal the same day.  Thus, State Farm removed the case within thirty days of service.

"[L]ater-served defendants . . . ha[ve] thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them." **Marano Enters.**, 254 F.3d at 756. Walsh was the first-served co-defendant. He did not sign the removal petition, but did file a written consent to removal the same day. "The rule of unanimity does not require all defendants to sign the removal petition itself," but "each defendant must provide unambiguous consent directly to the court within thirty days of service." **Amteco, Inc.**, 241 F.Supp.2d at 1029, 1030. Walsh provided such consent. Illinois National did not. Illinois National's timely consent would not be necessary if it were a nominal party, see **Maryville Data Sys., Inc. v. Holman**, 2005 WL 3416470 at *1 (E.D. Mo. 2005), it were a "John Doe" unknown, see **Green v. America Online**, 318 F.3d 465, 470 (3d Cir. 2002), or if it were fraudulently joined, **United Computer Sys., Inc. v. AT & T Corp.**, 298 F.3d 756, 762-62 (9th Cir. 2002). There is no allegation, nor suggestion, that Illinois National is any of these. "Another exception is when a non-resident defendant[, e.g., Illinois National,] has not been served at the time the removing defendant[] filed [its] petition." **Balazik v. County of Dauphin**, 44 F.3d 209, 213 n.4 (3rd Cir. 1995) (alterations added). Illinois National was served 23 days before the action was removed.

State Farm correctly stated in its notice of removal that no attorney had yet entered his appearance on behalf of Illinois National. The determinative date, however, is thirty days from the date of *service*, not from the entry of an appearance. The thirty-day period ended on October 28. Illinois National did not consent to the removal until November 7.

Removal statutes must be strictly construed. **Pender v. Bell Asbestos Mines, Ltd.**, 145 F.Supp.2d 1107, 1110 (E.D. Mo. 2001). Accordingly, courts have enforced the thirty-day period after *service* in cases in which the non-resident, non-consenting served defendant has not yet filed a responsive pleading. See, e.g., **Nathe v. Pottenberg**, 931 F.Supp. 822, 824-25 (M.D. Fla. 1995) (rejecting removing defendant's argument that consent from served non-resident defendant who had not yet filed an answer was not necessary); **Cohen v. Hoard**, 696 F.Supp. 564, 566 (D. Kan. 1988) (finding fatal defect in removal petition that was not joined by two non-resident served defendants and rejecting removing defendant's argument that consent was not necessary because the defendants had not answered and technically were in default); **Capone v. Harris Corp.**, 694 F.Supp. 111, 112 (E.D. Pa. 1988) (finding that removal period began from date of service regardless of whether defendant had filed an answer within next thirty days). See also **Horton v. Conklin**, 431 F.3d 602 (8th Cir. 2005) (noting in dicta that motion to remove was "apparently defective from outset due to his failure to join all defendants as required by [Eighth Circuit's] interpretation of 28 U.S.C. § 1446" in case in which several non-joining defendants had been served but had not yet filed an answer). Thus, the lack of an answer or other responsive pleading by Illinois National within the crucial thirty-days after State Farm was served does not excuse the lack of its timely consent to the removal.[2]

---

[2]Because the Court finds that the removal procedure was defective, it declines to reach the issue of the residency of the defendant ad litem, Walsh. Moreover, the Court notes that Walsh has been dismissed somehow by the state court after the action was removed to federal court.

## Conclusion

The failure of a served, non-resident defendant, Illinois National, to timely join in the notice of removal filed by State Farm is a fatal defect in the removal procedure. For this reason, the case shall be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to remand this case to the Missouri Circuit Court, Twenty-Second Judicial Circuit, City of St. Louis, from which it was removed.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of January, 2006.